## REFUSAL TO STOP ELECTRIC CARS AT DESIGNATED STOPPING PLACES.

[Circuit Court of Cuyahoga County.]

JOHN LOCKYEAR v. WILLIAM COVERT, MARSHAL OF THE VILLAGE OF EUCLID.

Decided, November 30, 1903.

*Electric Cars—Power of Municipalities Under the Code—to Compel Cars to Stop on Signal.*

A municipality is empowered by paragraph 9 Section VII of the Municipal Code to prescribe by ordinance that it shall be unlawful for those in charge of an electric car to fail or refuse to stop such car at any regular stopping place, when signalled so to do by persons desiring to board said car or to alight therefrom.

MARVIN, J.; HALE, J., and WINCH, J., concur.

The plaintiff in this case files his petition setting out that he is now in the custody of the defendant as a prisoner; that the defendant holds him under a warrant of arrest issued by the mayor of the village of Euclid.

The offense charged against the plaintiff in the affidavit upon which the warrant was issued is a violation of Section 2 of an ordinance of said village passed September 28, 1903, which section reads:

"Section 2.    It shall be unlawful for any person or persons in charge of any electric street car or cars running upon any street or avenue within the limits of said village of Euclid, to fail or refuse to stop such car or cars at any regular stopping place or places when signalled so to do by persons desiring to board said car or cars, or to alight therefrom."

The facts alleged in the affidavit are:

"That on or about the 9th day of November, A. D. 1903, at the village of Euclid, in said county and state (Cuyahoga county, Ohio), one John Lockyear, in the capacity of conductor, was in charge of the electric car then running within the limits of said village upon one of the public streets thereof. to-wit, Euclid avenue, so called; that at said time and place said John Lockyear was signalled to stop said car at a regular stopping place in said village, to-wit, stop No. 10, by said S. C. White, who desired to board said car, and that he, said Lockyear, then and there failed and refused to stop said car when signalled so to do by said White."

The allegation of the petition is that the section of the ordinance hereinbefore quoted is absolutely void for the want of authority on the part of said village council to pass the same.

When the case was presented to us in open court, it was stated by counsel for the plaintiff that the only purpose for the bringing of the action was to have an adjudication by this court upon the question of the authority of the Council to pass this second section of the ordinance. It was there stated that no question was made as to the formalities necessary to make the ordinance valid nor as to the sufficiency of the affidavit or warrant.

Somewhat to our surprise a brief was filed by the plaintiff since the hearing of the case in open court, discussing other questions, but we regard them as wholly immaterial in determining the case now before us. We think a determination of the one question, which it is said was the only one sought to be made, is a complete determination of the rights of the plaintiff in this proceeding.

The only question necessary to consider in the case is whether under the statutes of the state, the council had authority to pass Section 2 of the ordinance under which the plaintiff was arrested.

Paragraph 9 of Section 7 of the Municipal Code, which is the section conferring powers upon municipalities, provides that the council shall have power—

"To regulate the use of carts, drays, wagons, hackney coaches, omnibuses, automobiles, and every description of carriages kept for hire or livery-stable purposes; and to license and regulate the use of the streets by persons who use vehicles, or solicit or transact business thereon; to prevent and punish fast driving or riding of animals, or fast driving or propelling of vehicles through the public highways; to regulate the transportation of articles through such highways, and to prevent injury to such highways from overloaded vehicles, and to regulate the speed of interurban, traction and street railway cars within the corporation."

It was conceded upon the hearing but that for this last clause "to regulate the speed of interurban, traction and street railway cars within the corporation" the council would have authority, under the earlier part of the section, to pass the ordinance in question. *Ravenna* v. *Penna. Co.*, 45 O. S., 118.

But it is said that this last clause clearly indicates that the authority is not given because the Legislature in express terms by this clause provides that the council may regulate the speed of these cars, and that this clause is entirely surplusage, if, by the earlier part of the section, the authority to require cars to stop at any fixed place or places is given. This contention is not sound. But for this last clause it might very well be claimed that the council would have no authority to fix a maximum rate of speed for cars passing through the municipality

upon railroads constructed upon their own private right of way, and for the purpose of giving such authority this clause may well have been added.

We hold that the municipality was authorized by the statute hereinbefore quoted to pass the section of the ordinance under consideration.   The petition of the plaintiff is, therefore, dismissed, and he is remanded to the custody of the defendant.

*Squire, Sanders & Dempsey,* for plaintiff.

*Kaiser & Cannon,* for defendant.